HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN (SBN 236388)
rzerounian@hansonbridgett.com
JUSTIN THIELE (SBN 311787)
jthiele@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
JOSHUA R. RICH (SBN 289303)
rich@mbhb.com
GEORGE T. LYONS, III (*pro hac vice* pending)
lyons@mbhb.com
300 S. Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

Attorneys for Defendant
GUM TREE FABRICS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORGAN FABRICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GUM TREE FABRICS, INC., a Mississippi Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-06631-CBM-AGR<br><br>**DEFENDANT GUM TREE FABRICS, INC.'S ANSWER AND DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION & VENUE**

Defendant Gum Tree Fabrics, Inc. ("Defendant") hereby responds to the Complaint for Copyright Infringement of Plaintiff Morgan Fabrics Corporation ("Complaint") as follows:

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

**ANSWER TO COMPLAINT PARAGRAPH 1**

Answer: Defendant admits that the Complaint purports to assert a copyright claim, but otherwise denies the allegations of Paragraph 1 of the Complaint.

**COMPLAINT PARAGRAPH 2**

2. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) and the Copyright Act.

**ANSWER TO COMPLAINT PARAGRAPH 2**

Answer: Defendant admits that this Court has jurisdiction over copyright claims under 28 U.S.C. §§ 1331 and 1338 (a) and (b), but denies the Copyright Act provides subject matter jurisdiction over any action.

**COMPLAINT PARAGRAPH 3**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b) insofar as a substantial part of the acts and omissions giving rise to the claims occurred in this district and each of the defendants can be deemed to reside in this judicial district for venue purposes.

**ANSWER TO COMPLAINT PARAGRAPH 3**

Answer: For the allegations pertaining to Defendant in Paragraph 3 of the Complaint, denied. For the allegations pertaining to any other defendant in Paragraph 3 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations.

## THE PARTIES

**COMPLAINT PARAGRAPH 4**

4. Plaintiff is a corporation organized and existing under the laws of the State of Illinois. Plaintiff has a principal place of business of 4265 Exchange Ave., Vernon, California 90058, and is authorized to do business in the state of California.

**ANSWER TO COMPLAINT PARAGRAPH 4**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 5**

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Gum Tree Fabrics, Inc. is a corporation organized and existing under the laws of the state of Mississippi, with a principal place of business located at 4002 South Eason Boulevard, Tupelo, Mississippi 38804.

**ANSWER TO COMPLAINT PARAGRAPH 5**

Answer: Admitted.

**COMPLAINT PARAGRAPH 6**

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant is subject to personal jurisdiction in this judicial district as a result of Defendant's extensive business dealings in this this district. Plaintiff is informed and believes, and on that basis alleges, that Defendant maintains a warehouse in this judicial district from which it transacts business, including the selling of its products to customers in California and in the western United States. Plaintiff is also informed and believes, and on that basis alleges, that Defendant employs at least one sales representatives in California for the purposes of marketing and selling Defendant's products in California and in the western United States.

**ANSWER TO COMPLAINT PARAGRAPH 6**

Answer: Defendant denies that it is subject to personal jurisdiction in this judicial district or that it engages in "extensive business dealings in this this [*sic*] district." Defendant further denies that it maintains any place of business in this judicial district from which it transacts business. Defendant has no employees in this judicial district. Defendant admits that it rents a portion of a warehouse via a third-party vendor and has two nonexclusive independent contractor sales people in this judicial district, each of whom sell products for companies other than the Defendant. Defendant otherwise denies the allegations in Paragraph 6 of the Complaint.

**COMPLAINT PARAGRAPH 7**

7. Plaintiff is informed and believes and, thereon alleges, that Defendants DOES 1 through 10, inclusive, are other-as-of-yet unidentified parties who have infringed Plaintiff's copyrights, have contributed to the infringement or have otherwise engaged in the wrongful acts alleged herein. The true names of Defendants 1 through 10 are presently unknown to Plaintiff, which, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint with their true names and capacities once ascertained.

**ANSWER TO COMPLAINT PARAGRAPH 7**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 8**

8. Plaintiff is informed and believes, and thereon alleges. that at all times relevant hereto, each of Defendants was the agent, employee, alter-ego, affiliate, officer, director, manager, and/or principal of the other Defendants and was at all times relevant hereto acting within the course

and scope of such agency relationship, employment, alter-ego relationship or affiliation. Plaintiff is further informed and believes, and thereon alleges, that each Defendant actively participated in, or subsequently ratified each of the acts and conduct alleged herein with full knowledge of all the facts and circumstances attendant thereto, including the rights of Plaintiff and the damage to be sustained by Plaintiff as a result of the acts and conduct alleged herein.

**ANSWER TO COMPLAINT PARAGRAPH 8**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 9**

9. Plaintiff designs and manufacturers unique and original two-dimensional artwork that it features on the fabric which it then sells to its customers. Fabrics bearing Plaintiff's original designs are used on, among other products, fine home furnishings, bedding, and in recreational vehicles.

**ANSWER TO COMPLAINT PARAGRAPH 9**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 10**

10. Among Plaintiff's catalogue of original two-dimensional designs is a design designated by Plaintiff as: Alessio HTS (the "Alessio HTS Design"). The Alessio HTS Design has been registered with the United States Copyright Office and assigned Registration No. VA 2-166-397. Plaintiff owns all rights in and to the Alessio HTS Design.

**ANSWER TO COMPLAINT PARAGRAPH 10**

Answer: Defendant admits that a document purported to be the registration certificate for Registration No. VA 2-166-397 was attached to the Complaint, but states that no deposit copy of the registered "Alessio HTS Design" mentioned therein was attached to the Complaint. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 11**

11. The Alessio HTS Design was created by Plaintiff in or about 2018, and Plaintiff has been marketing, offering for sale and selling the Alessio HTS Design to its customers since its creation.

**ANSWER TO COMPLAINT PARAGRAPH 11**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 12**

12. Prior to the acts of infringement alleged herein, Plaintiff widely disseminated fabric bearing the Alessio HTS Design to various parties in the home furnishing, hospitality and recreational vehicle industries. The Alessio HTS Design has been featured at trade shows and marketed to manufacturers and retailers across the United States. The Alessio HTS Design is featured on pieces of furniture that are sold in thousands of retail locations nationwide.

**ANSWER TO COMPLAINT PARAGRAPH 12**

Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 13**

13. Plaintiff is informed and believes, and on that basis alleges, that following its sale and dissemination of the Alessio HTS Design, the Defendants, and each of them, offered for sale, sold and distributed fabric and/or products features a design that was substantially similar to the Alessio HTS Design without Plaintiff's permission, consent or authorization.

**ANSWER TO COMPLAINT PARAGRAPH 13**

Answer: Defendant denies that it "offered for sale, sold and distributed fabric and/or products features a design that was substantially similar to the Alessio HTS Design." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 14**

14. A side-by-side comparison of the Alessio HTS Design (on the left) and the infringing design sold by Defendant (on the right) demonstrates that the two designs are identical or substantially similar:

**ANSWER TO COMPLAINT PARAGRAPH 14**

Answer: Defendant denies that the "two designs" presented in the Complaint are identical or substantially similar. The "side-by-side comparison" in the Complaint is illegible. Defendant otherwise lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENT)**

**COMPLAINT PARAGRAPH 15**

15. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

**ANSWER TO COMPLAINT PARAGRAPH 15**

Answer: Defendant repeats and incorporates by reference the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

**COMPLAINT PARAGRAPH 16**

16. Plaintiff is informed and believes, and on that basis alleges, that prior to the act of infringement complained of herein, Defendant had access to the Alessio HTS Design through: (a) Plaintiff's samples; (b) products in the marketplace made with lawfully printed and obtained fabric bearing the Alessio HTS Design; (c) fabric or products bearing illegally obtained copies of the Alessio HTS Design; or (d) Plaintiff's showroom and/or marketing activities.

**ANSWER TO COMPLAINT PARAGRAPH 16**

Answer: Denied.

**COMPLAINT PARAGRAPH 17**

17. Defendants infringed Plaintiff's rights in the Alessio HTS Design by creating, manufacturing, and developing directly infringing works and/or derivative works based upon the Alessio HTS Design that infringe upon Plaintiff's rights. Plaintiff is informed and believes, and based thereon alleges, that Defendant infringed Plaintiff's rights in the Alessio HTS

> Design by offering for sale, selling, displaying and distributing the infringing copies of the Alessio HTS Design to its customers and clients.

**ANSWER TO COMPLAINT PARAGRAPH 17**

Answer: For the allegations pertaining to Defendant in Paragraph 17 of the Complaint, denied. Defendant denies that it "creat[ed], manufactur[ed], and develop[ed]" any "works based upon the Alessio HTS Design," and further denies that any work "creat[ed], manufactur[ed], and develop[ed]" by Defendant constitutes an "infringing works and/or derivative works." Defendant denies that "infringed Plaintiff's rights [to the extent any exist] in the Alessio HTS Design by offering for sale, selling, displaying and distributing the infringing copies of the Alessio HTS Design to its customers and clients."

For the allegations pertaining to any other defendant in Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which statement has the effect under Fed. R. Civ. P. 8(b)(5) of denying the allegations.

**COMPLAINT PARAGRAPH 18**

> 18. Defendant infringed Plaintiff's rights in the Alessio HTS Design by selling, offering for sale, displaying and/or distributing fabric containing the Alessio HTS Design without Plaintiff's authorization.

**ANSWER TO COMPLAINT PARAGRAPH 18**

Answer: Denied.

**COMPLAINT PARAGRAPH 19**

> 19. Due to Defendant's acts of infringement, Plaintiff has suffered damages in an amount to be determined at trial.

**ANSWER TO COMPLAINT PARAGRAPH 19**

Answer: Denied.

**COMPLAINT PARAGRAPH 20**

20. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained profits that it would not otherwise have realized but for its infringement of the Alessio HTS Design. Plaintiff is entitled to disgorgement of Defendant's profits attributable to the infringement of the Alessio HTS Design in an amount to be established at trial.

**ANSWER TO COMPLAINT PARAGRAPH 20**

Answer: Denied. Defendant denies that it has committed any "acts of copyright infringement," much less "obtained profits that it would not otherwise have realized but for its infringement." Defendant also denies that it has obtained any "profits attributable to the infringement of the Alessio HTS Design" and further denies that Plaintiff is entitled to any such profits, via disgorgement or otherwise.

**COMPLAINT PARAGRAPH 21**

21. Plaintiff is informed and believes, and on that basis alleges, that Defendant's acts of infringement were undertaken with actual or constructive knowledge of Plaintiffs rights. As a result, Defendant's acts of copyright infringement were, and are, intentional, malicious, willful and undertaken without regard to Plaintiffs rights.

**ANSWER TO COMPLAINT PARAGRAPH 21**

Answer: Denied. Defendant denies that it has committed any "acts of copyright infringement," much less that any acts of alleged infringement were "undertaken with actual or constructive knowledge of Plaintiffs rights." Defendant also denies that any acts of alleged infringement "were, and are, intentional, malicious, willful and undertaken without regard to Plaintiffs rights."

## RESPONSE TO PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to injunctive relief of any sort against Defendant; Defendant denies that Plaintiff is entitled to a monetary award of any sort (whether damages, statutory damages, losses, profits, attorneys' fees, interest, costs, or anything else) against Defendant; and Defendant denies that Plaintiff is entitled to any other relief from Defendant.

## SEPARATE DEFENSES

Further answering the Complaint and as additional defenses thereto, Defendant asserts the following separate and affirmative defenses ("Affirmative Defenses"). By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to raise additional affirmative defenses as they become known to it through discovery or investigation.

## FIRST SEPARATE DEFENSE

1. The Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant has not infringed and is not liable for the infringement of the purported copyright that Plaintiff asserts in this action, among other things, because there is no substantial similarity between any purportedly infringing products and Plaintiff's purported copyrighted work or works, and in particular no substantial similarity with respect to any purported constituent original and protectable elements of Plaintiff's purported copyrighted work or works—with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

**SECOND SEPARATE DEFENSE**

2. The Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant has not infringed and is not liable for the infringement of the purported copyright or copyrights that Plaintiff asserts in this action, among other things, because Defendant is informed and believes and on that basis alleges that any purportedly infringing products have not copied any purported constituent original and protectable elements of Plaintiff's purported copyrighted work or works, with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

**THIRD SEPARATE DEFENSE**

3. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because the purported copyright that Plaintiff asserts in this action is invalid, void, or unenforceable. Among other things, a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a) the registration or registrations for the purported copyright or copyrights claims material that is not original or not protectable;

(b) the registration or registrations for the purported copyright or copyrights claims material originally developed by persons or entities other than Plaintiff;

(c) the registration or registrations for the purported copyright or copyrights claims material in the public domain; or

(d) the registration or registrations for the purported copyright or copyrights shows a design drawn to "Alessio HTS Design," that is, to a design that is ordinary, commonplace, or standard in the relevant art or industry.

**FOURTH SEPARATE DEFENSE**

4. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's fraud or deception in the copyright registration process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**FIFTH SEPARATE DEFENSE**

5. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's misuse of the purported copyright or copyrights for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**SIXTH SEPARATE DEFENSE**

6. The Complaint fails to state a claim upon which relief may be granted.

**SEVENTH SEPARATE DEFENSE**

7. This Court lacks jurisdiction over the person of Defendant.

**EIGHTH SEPARATE DEFENSE**

8. This judicial district is not a proper venue in which to bring this action.

**NINTH SEPARATE DEFENSE**

9. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff failed to properly mark its alleged copyrighted material and to give Defendant proper notice of its claimed copyright for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**TENTH SEPARATE DEFENSE**

10. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because of the doctrines of acquiescence, estoppel, or waiver for which a

reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**ELEVENTH SEPARATE DEFENSE**

11. Defendant is informed and believes and on that basis alleges that the Complaint, Plaintiff is not entitled to statutory damages or attorneys' fees pursuant to the Copyright Act, 17 U.S.C. Section 101.

**TWELFTH SEPARATE DEFENSE**

12. Defendant is informed and believes and on that basis alleges that the Complaint, Plaintiff has failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, under the laws of California, the Copyright Act, or both.

**THIRTEENTH SEPARATE DEFENSE**

**13.** Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) is barred because Plaintiff has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**FOURTEENTH SEPARATE DEFENSE**

14. If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes and on that basis alleges that Plaintiff's damages were not proximately caused by any acts or omissions (wrongful or otherwise) of Defendant for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**FIFTEENTH SEPARATE DEFENSE**

15. If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes and on that basis alleges that that individuals or entities other than Plaintiff were careless and negligent in and about the matters alleged in the Complaint and that this carelessness and negligence proximately contributed to

or caused any purported damages to Plaintiff with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support; and should Plaintiff recover any damages, Defendant is entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

**SIXTEENTH SEPARATE DEFENSE**

16. If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes and on that basis alleges that Plaintiff failed to discharge its duty to mitigate damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support; and any damages awarded to Plaintiff should be reduced accordingly.

**SEVENTEENTH SEPARATE DEFENSE**

17. If Plaintiff suffered any damages, which Defendant denies, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

**ADDITIONAL DEFENSES**

18. Defendant has insufficient knowledge or information on which to form a belief as to whether they have additional affirmative defenses available. Thus, Defendant hereby reserves the right to assert additional affirmative defenses in the event that they exist and would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully prays for judgment as follows:

a. Plaintiff take nothing and that judgment be rendered in favor of the Defendant;

b. Defendant be awarded reasonable costs, attorneys' fees, and expenses; and

c. Any other relief this Court deems just and proper.

DATED: November 9, 2021

HANSON BRIDGETT LLP

By: ______________________________

HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN (SBN 236388)
rzerounian@hansonbridgett.com
JUSTIN THIELE
jthiele@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
JOSHUA R. RICH (SBN 289303)
rich@mbhb.com
GEORGE T. LYONS, III (*pro hac vice* pending)
lyons@mbhb.com
300 S. Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

**DEMAND FOR A JURY TRIAL**

Defendant hereby demands a jury trial of all claims so triable.

DATED: November 9, 2021 HANSON BRIDGETT LLP

By: ______________________________

HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN (SBN 236388)
rzerounian@hansonbridgett.com
JUSTIN THIELE
jthiele@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
JOSHUA R. RICH (SBN 289303)
rich@mbhb.com
GEORGE T. LYONS, III (*pro hac vice* pending)
lyons@mbhb.com
300 S. Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002